BOEHM, Justice,
dissenting.
I respectfully dissent. I agree with the implicit holding of the majority that this case is ripe for resolution. However, I believe the enhanced registration require *397 ments enacted in 2006 constitute an additional punishment that violates the Ex Post Facto Clause as applied to Jensen, whose crimes were committed in 1998.
Jensen pleaded guilty to vicarious sexual gratification, a class C felony, by inducing a child to fondle herself, and child molesting, also a class C felony, by "performing or submitting to fondling" with the same victim. He was sentenced to concurrent six-year terms, with three years of each sentence suspended.
At the time Jensen committed his crimes in 1998, the law provided that he must register as a sex offender for ten years after release from prison. Ind.Code Ann. § 5-2-12-13 (West Supp.1997 & 1998). In 2006, the legislature designated persons committing certain types of viearious sexual gratification, including Jensen's offenses, as "sexually violent predators." These same amendments extended the registration period for those offenders from ten years to the life of the offender and imposed several other requirements on them. PL. 173-2006, §§ 4, 18, 21 (codified at Ind.Code §§ 11-8-8-6, -19, 385-38-1-7.5 (West Supp.2008)).
There are several problems in applying the 2006 registration requirements to 1998 offenders. First, the 2006 law extends the period of registration from 10 years to life. We hold today in Wallace v. State that the registration requirement is punitive and therefore cannot constitutionally be applied to a person whose crime occurred before the statute was enacted. The majority holds that the same conclusion does not apply to a person whose erime occurred at a time when only a ten-year registration was required. It is beyond dispute that a law extending the period of incarceration for a crime cannot apply to persons whose offense predates the effective date of that legislation. Weaver v. Graham, 450 U.S. 24, 28, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). It seems to me that if the registration requirement is punitive, extending its period is no less additional punishment than extending a period of in-careeration, and equally violates the constitutional ban on ex post facto legislation.
I also do not agree with the majority's analysis of the factors described in Kennedy v. Mendoza-Martines, 372 U.S. 144, 168-69, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963). The majority concedes that Jensen's registration requirement is triggered by scien-ter, and that the sanction is imposed only for criminal activity. Both of these suggest a punitive statute. The 2006 amendments also impose an affirmative disability or restraint. They do more than extend the length of Jensen's registration period-they require him to register as a "sexually violent predator" rather than as a "sex offender." This change in status requires Jensen's online registration to state that he is a "sexually violent predator" who is "required to register for life." 1.C. § 11-8-8-8(a)(5), (6) (West Supp.2008). Another new requirement imposed on "sexually violent predators" is that they now must notify authorities of their destination and the duration of their absence when they plan to travel from their principal residence for more than seventy-two hours. Id. § 11-8-8-18.
In my view, the 2006 amendments exhibit yet another aspect of a punitive provision because they promote the traditional aims of punishment. The majority, quoting Mendoza-Martinez, deseribes these aims as "deterrence and retribution." Forty years ago, when Mendoza-Martines was decided, deterrence was often described as the more general concept of "preventing offenses." Model Penul Code § 1.02(2)(a) & emt. 3(a) (1962) (revised comments 1985). This was understood to include both deterrence of the general population by setting an example, and de *398 terrence of the convicted individual, including rendering future crimes impossible, for example by incarceration. Id. More recent thinking views incapacitation-which constrains the offender from further crimes-as distinct from deterrence of the offender and others by threat of future punishment. 1 Wayne R. LaFave, Substantive Criminal Law § 1.5(a) (2d ed.2003); 1 Charles E. Torcia, Wharton's Crimimal Low § 1 (15th ed.1998). The registration requirement, although less restrictive than incarceration, incapacitates the offender by effectively constraining travel and providing authorities and the public with information to monitor the individual continuously.
Moreover, there is an aspect of retribution to these provisions. As the majority notes, the Indiana Constitution prohibits "vindictive justice" as an object of the penal code. Nevertheless, registration is akin to a "shaming penalty" requiring an offender to undertake the unpleasant task of broadcasting his offense-a sanction many view as retributive. LaFave, supra, at § 1.5(a) n. 84. This factor further supports the conclusion that the amended registration requirements are punitive.
In my view, the seventh Mendoza-Mar-tines factor is entitled to the greatest weight and is most important in determining these sanctions to be punitive. Without some individualized de termination of continued risk, the requirements of the 2006 amendments are excessive in relation to their stated purpose. The majority stresses that under the law in effect at the time of his offenses Jensen was subject to registration, albeit with different consequences. It may be true in this day of internet searches that a person is permanently searred by the shaming of reputation resulting from the sanction in place at the time of Jensen's crime. But the newly enacted requirement of additional lifetime publication of Jensen's picture captioned "Sex Predator" in flashing red letters surely is of some severe consequence, and requires some determination that it remains appropriate for the individual offender a decade after the crime.
Finally, I disagree with Justice Sullivan's conclusion that Jensen's claim is not yet ripe for adjudication. As already noted, the 2006 statute imposed new requirements on Jensen in addition to lengthening the period of required registration. Because these new requirements applied to Jensen on the statute's 2006 effective date, Jensen is entitled to challenge their constitutionality now.
I also disagree with Justice Sullivan's reliance on Kirby v. Siegelman, 195 F.3d 1285 (11th Cir.1999), and Artway v. Attorney General, 81 F.3d 1235 (3d Cir.1996). In Kirby, the defendant challenging the sex offender registry was incarcerated and would not have to register for another six years. 195 F.3d at 1290. The Eleventh Cireuit noted that he "face[d] no hardship from denying review of his notification challenge at this point; he is not going anywhere and his prior arrest and convietion record is not going to change." Id. Unlike that defendant, Jensen had registered as a sex offender and faces the hardships described above if he is required to register as a "sexually violent predator."
Artway is similarly inapposite. The defendant in that case challenged the notification provisions of New Jersey's sex offender registry, which differs from Indiana's in important respects. Under New Jersey's registry, the offender provides information which is forwarded to the county prosecutor, who determines the offender's risk of re-offense. 81 F.3d at 1248. If the prosecutor determines the risk to be low, notification is provided to law enforcement agencies; if moderate, to schools and daycares; if high, to members *399 of the public likely to encounter the offender. Id. at 1248-44. The defendant in Artway challenged the notification provisions of the registry but had not yet been classified as a moderate or high risk. Id. at 1248. The Third Circuit concluded that he could seek to enjoin notification only after being classified as a moderate or high risk. Id. at 1248-49. In contrast, Jensen has already been classified as a sexually violent predator, with the accompanying notification to the general public, by operation of the 2006 amendments. His challenge to those amendments is therefore ripe for adjudication.
DICKSON, J., concurs.